IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**OLIVIA PEGUES**                                                                                                             **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.** 3:22cv104-DMB-RP

**DAKS-4, LLC D/B/A SMITH+GRIFFIN**                                         **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Olivia Pegues, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and 42 U.S.C. § 1981 for unlawful retaliation against the Defendant, Daks-4, LLC d/b/a Smith+Griffin. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Olivia, is an adult African American female who resides in Marshall County, Mississippi.

2. Defendant, Daks-4, LLC d/b/a Smith+Griffin, is a Mississippi limited liability corporation that may be served with process by serving its registered agent: Danny G. Smith, 70 Tuttle Lane, Byhalia, Mississippi 38611.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the claims asserted against the Defendant and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on May 17, 2021, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on March 21, 2021, a true and correct copy of which is attached

as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

5. Olivia Pegues is a 32-year-old black female resident of Marshall County and Holly Springs, Mississippi.

6. Defendant hired Plaintiff on February 25, 2021 as a Stockroom Clerk at Griffin, Incorporated.

7. From the beginning of her employment, Ms. Pegues had various questions about how to perform her job.

8. She attempted to request assistance from Mr. Oakes, but he was consistently too busy or stated he would get back to her but never did.

9. On March 8, 2021, Manager Brent Oakes (white male) hired a new Stockroom Clerk, Tanya Reeves (white female).

10. When Ms. Oakes was hired, Mr. Oakes attentively oriented her to the job and answered any questions she had.

11. Ms. Pegues observed the clear disparity between how Mr. Oakes assisted and directed Ms. Reeves in learning the necessary skills of her job, as compared with how little direction and assistance he had provided to Ms. Pegues.

12. On March 9, 2021, Ms. Pegues went to Supervisor Carlos Young and complained that Mr. Oakes disparate treatment amounted to race discrimination, since Ms. Reeves is a white female and Ms. Pegues is a black female.

13. Mr. Young later communicated Ms. Pegues' complaint to Mr. Oakes.

14. On the morning of March 11, 2021, Mr. Oakes asked Ms. Pegues about the complaint she had made to Mr. Young.

15. She clarified that she felt Mr. Oakes' was providing Ms. Reeves with favorable treatment that she (Ms. Pegues) had been denied and that this disparity amounted to racial discrimination.

16. Mr. Oakes responded to Ms. Pegues that he wanted to help her learn her job, and he assured her that her job was not in jeopardy.

17. On the evening of March 11, 2021, Ms. Pegues received an email from Mr. Oakes stating that he had decided "to go in a different direction" and that she was terminated.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII - RETALIATION

18. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as though specifically set forth herein.

19. Plaintiff has been discriminated against by the Defendant in the terms and conditions of her employment on the basis of her race, African American.

20. After engaging in protected activity by verbally complaining of discrimination related to her race to her superior, Carlos Young, the Defendant retaliated against Plaintiff by inexplicability terminating her employment on March 11, 2021.

21. Plaintiff suffered an adverse employment action, i.e., termination, as a result of the Defendant's retaliatory treatment of Plaintiff.

22. Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

23. The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 - RETALIATION

24. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as though specifically set forth herein.

25. Plaintiff has been discriminated against by the Defendant in the terms and conditions of her employment on the basis of her race, African American.

26. After engaging in protected activity by verbally complaining of discrimination related to her race to her superior, Carlos Young, Defendant retaliated against Plaintiff by terminating her employment on March 11, 2021.

27. Plaintiff suffered an adverse employment action, i.e., termination, as a result of the Defendant's discriminatory and retaliatory treatment of Plaintiff.

28. Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

29. The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. A tax gross up and all make whole relief;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 6th day of June 2022.

          Respectfully submitted,

          OLIVIA PEGUES, Plaintiff

By: /s/Louis H. Watson, Jr.
     Louis H. Watson, Jr. (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com